**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF KENTUCKY**

**LOUISVILLE DIVISION**

| | |
|---|---|
| | **FILED**<br>JAMES J. VILT JR., CLERK<br>U.S. DISTRICT COURT<br>W/D OF KENTUCKY<br><br>Date: _____ May 01, 2026 _____ |

**ALLEN PAUL KOLEHMAINEN,**

Plaintiff, Pro Se,

V.                                                          Civil Action No.: __3:26CV-316-JHM__

**JEFFERSONTOWN FIRE PROTECTION**

**DISTRICT (JFD/JFEMS);**

**JOHN DOE 1** (EMS Incident Commander);

**JOHN DOE 2** (JFD Crew Member);                **JURY TRIAL DEMANDED**

**JOHN DOE 3** (BLS Crew Member),

Defendants.

---

**COMPLAINT**

Plaintiff, Allen Kolehmainen, proceeding *pro se*, brings this action against the above-named

Defendants, alleging as follows:

**I. PRELIMINARY STATEMENT**

1. This action arises from a deliberate, documented decision by JFD/JFEMS personnel to

   deny mandatory emergency medical assessment to Plaintiff following a 45+ mph head-on

   collision on May 5, 2023.

2. This is not a case about a clinical judgment call. It is a case about an affirmative refusal to

perform protocol-mandated assessment steps—including neurological assessment and capacity screening—for a patient displaying objectively observable cognitive impairment.

## II. JURISDICTION AND VENUE

3.  **Federal-Question Jurisdiction:** This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as this action arises under 42 U.S.C. § 1983; ADA Title II, 42 U.S.C. § 12132; and Rehabilitation Act § 504, 29 U.S.C. § 794.

4.  **Supplemental Jurisdiction:** This Court has supplemental jurisdiction over the state-law claims pursuant to 28 U.S.C. § 1367.

5.  **Venue:** Venue is proper in the Western District of Kentucky pursuant to 28 U.S.C. § 1391(b), as the events giving rise to the claim occurred in this district.

## III. PARTIES

6.  **Plaintiff:** Allen Kolehmainen is a natural person residing in Westland, Michigan. At the time of the incident, he resided in Jefferson County, Kentucky.

7.  Plaintiff is a qualified individual with a disability (traumatic brain injury "TBI") within the meaning of 42 U.S.C. § 12131(2). This TBI substantially limits major life activities, including thinking, concentrating, and communicating.

8.  Plaintiff's TBI went undiagnosed until approximately October 2025 due to the cognitive effects of the injury. Plaintiff was of unsound mind within the meaning of KRS 413.170 from the date of injury through diagnosis.

9.  **Defendant Jeffersontown Fire Protection District (JFD/JFEMS):** A public entity created under Kentucky law. It is sued under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658

(1978).

10. **Defendants John Does 1-3:** JFD/JFEMS officials and responders. They acted under color of state law and are sued in their individual capacities.

## IV. FACTUAL ALLEGATIONS

11. On May 5, 2023, Plaintiff was involved in a high-speed head-on collision with airbag deployment.

12. This mechanism of injury constitutes a *per se* objectively serious medical event requiring immediate trauma assessment under national standards of care.

13. JFD/JFEMS responded to the scene and initiated contact, assuming a duty of care that could not be abandoned without protocol-mandated steps.

14. Police body-camera video captures a real-time cognitive-impairment sequence involving Plaintiff during the on-scene assessment window.

15. Despite actual knowledge of the risk of concussion, JFD/JFEMS cleared Plaintiff without completing prerequisite clinical steps for a valid informed refusal.

16. Any purported refusal of care by Plaintiff was invalid; no capacity screening was performed for a visibly impaired patient.

## V. CLAIMS FOR RELIEF

**COUNT I: 42 U.S.C. § 1983 – Deliberate Indifference**

**(Against Individual Defendants)**

17. Plaintiff incorporates the foregoing paragraphs by reference.

18. John Does 1-3 were deliberately indifferent to Plaintiff's objectively serious medical need by disregarding known risks and clearing Plaintiff without required assessments.

**COUNT II: 42 U.S.C. § 1983 – Monell Municipal Liability**

**(Against Defendant JFD/JFEMS)**

19. JFD/JFEMS is liable for policies, customs, and failures to train relating to mandatory assessment and capacity screening that were the moving force behind the constitutional violations.

**COUNT III: ADA Title II, 42 U.S.C. § 12132**

**(Against Defendant JFD/JFEMS)**

20. Plaintiff was denied meaningful access to emergency medical services by reason of his disability. JFD/JFEMS treated his cognitive impairment as a basis to forego assessment rather than providing reasonable modifications.

**COUNT IV: Rehabilitation Act § 504, 29 U.S.C. § 794**

**(Against Defendant JFD/JFEMS)**

21. To the extent JFD/JFEMS receives federal financial assistance, the conduct described herein violates § 504.

**COUNT V: Kentucky State Law – Negligence / Negligence Per Se**

22. The EMS assessment steps at issue are ministerial duties, not discretionary functions. Governmental immunity does not apply.

## VI. PRAYER FOR RELIEF

Plaintiff respectfully requests:

1. Compensatory and Punitive damages;

2. Declaratory and Injunctive relief;

3. Costs and fees where authorized by statute.

## VII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

*Dated: May 1st, 2026*

_/s/ Allen Paul Kolehmainen_____

__                           ___

**Allen Kolehmainen, Plaintiff Pro Se**

7390 Lathers St

Westland, MI 48185

Phone: 734-863-5558

Email: Allen.Kolehmainen@gmail.com